

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**MARY K. SHERWOOD**
*Assistant Corporation Counsel*
msherwoo@law.nyc.gov
Phone: (212) 356-2425
Fax: (212) 356-3509

MEMO ENDORSED

April 19, 2024

**By ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
500 Pearl Street
New York, NY 10007-1312

Re:   Lewis, et al. v. City of New York, et al.
      23 Civ. 2600 (CM)

Your Honor:

I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to represent the City of New York and Louis Molina in the above-referenced matter. For the reasons set forth herein, and in light of Plaintiffs' counsel's obstructive and inappropriate conduct at the deposition of Plaintiff Frederick Ortiz, it is respectfully requested that the deposition of the second class representative, Raymond Lewis, also be conducted in Court before Your Honor. Alternatively, it is respectfully requested that the matter be referred to a Magistrate Judge to oversee the deposition of the second class representative in this case. In the event that Your Honor is not inclined to grant the request for judicial oversight at Mr. Lewis' deposition, Defendants request an order directing Plaintiffs' counsel to cease their baseless speaking objections. Plaintiffs do not consent to judicial oversight of Mr. Lewis' deposition.

By way of background, Plaintiffs filed this case as a putative class action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, alleging that the City of New York and the New York City Department of Correction ("DOC") has a "policy, practice, procedure, and/or custom of…strip search[ing] and/or cavity search[ing]" individuals of the putative class "in the absence of any legitimate penological interest." (Dkt. No. 1, ¶ 26). Plaintiffs allege the putative class is defined as "all individuals who, since March 28, 2020 are/were detained in a New York City Department of Correction[] jail facility who are/were subject to…being strip searched and/or cavity searched in the Manhattan Criminal Courthouse." (Dkt. No. 1, ¶ 26).

*[Handwritten annotations:]* 4/23/2024 (1) I do not believe counsel's behavior was obstreperous. I believe some were inappropriate and offensive. Your questions were appropriate and I suggest you not approach Judge Willis with this first thing out of the box. (2) This court will refer the matter to Magistrate Judge Jennifer Willis for discovery supervision and settlement.

1

On Monday, April 15, 2024, pursuant to the Notice served in accordance with F.R.C.P. 30, Defendants attempted to depose the first of the two class representatives in this matter, Frederick Ortiz. Defendants agreed to do so via remote means and Mr. Ortiz was present at his attorneys' offices. The great majority of Defendants' questions, however, even the most basic and simple ones, were met with baseless speaking objections from Plaintiffs' counsel. Indeed, Plaintiffs' counsel's conduct, which was completely unprofessional and condescending at times, thwarted Defendants' ability to question the witness. As a result, Your Honor ordered the parties to personally appear in Your Honor's courtroom so that the deposition could be concluded. It was only then that Defendants were able to explore Mr. Ortiz's background and adequacy to serve as a class representative in this matter. In fact, it took Defendants approximately *one* hour to complete Mr. Ortiz's deposition in the courthouse after Plaintiffs' counsel finally ceased making speaking objections.

The deposition of Raymond Lewis, the other class representative in this case, is scheduled to take place at 1:00 p.m. on April 25, 2024. In light of Plaintiffs' counsel's conduct at Mr. Ortiz's deposition, it is now respectfully requested that Mr. Lewis' deposition be conducted with judicial oversight.

Rule 30(c)(2) of the Federal Rules of Civil Procedure provides that "[a]n objection [during a deposition] must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

"Relevance or the lack thereof does not provide a basis to direct a witness not to answer a question." *Weinrib v. Winthrop-University Hosp.*, No. 14 CV 953, 2016 WL 1122033, at *3 (E.D.N.Y. Mar. 22, 2016) (citing *Balk v. New York Inst. of Tech.*, No. 11 CV 509, 2012 WL 5866233, at *2 (E.D.N.Y. Nov. 19, 2012); *Severstal Wheeling Inc. v. WPN Corp.*, No. 10 CV 954, 2012 WL 1982132, at *2 (S.D.N.Y. May 30, 2012); *Luc Vets Diamant v. Akush.*, No. 05 CV 2934, 2006 WL 258293, at *1 (S.D.N.Y. Feb. 3, 2006)). "Objections based on relevance are not properly made at a deposition nor can plaintiff ask defendants to explain the bases for their questions." *Nunez v. Boseman*, No. 94 Civ. 7586 (PKL)(HBP), 1996 U.S. Dist. LEXIS 19154, at *2 (S.D.N.Y. Dec. 27, 1997); *See also Fashion Exch. LLC v. Hybrid Promotions*, LLC, 333 F.R.D. 302, 307 (S.D.N.Y. 2019) (citing *In re Omeprazole Patent Litig.*, No. M-21-81 (BSJ), 2005 WL 818821, at *11 (S.D.N.Y. Feb. 18, 2005) (holding relevance as an improper basis for instructing a witness to not answer a question); *Fashion Exch. LLC*, 333 F.R.D. at 305 (holding improper when "Plaintiff's counsel repeatedly made speaking objections, engaging in debates with Defendants' counsel about the question"). Despite this, counsel both asked defense counsel to explain why the she was asking a question and also counsel objected to "relevance" while also instructing the witness not to answer.

Courts in the Second Circuit have described a deposition as:

> a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions

> the witness should answer, and helping the witness to formulate answers. The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record. It is the witness - not the lawyer - who is the witness.

*Abu Dhabi Commercial Bank, et. al. v. Morgan Stanley & Co. Inc.*, No. 08 CV 7508, 2011 WL 4526141, at *7 (S.D.N.Y. Sept. 21, 2011) (citing *Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D. Pa. 1993)).

In *Clark, et al., v. City of New York*, 18-CV-2334 (AT)(KHP)[1], a certified class action, upon an application from Defendant, Magistrate Judge Parker ordered Plaintiffs' counsel "not [to] make speaking objections during the depositions. Rather, they should state only 'Objection,' and should not speak any additional words concerning the basis of the objection unless a clarification is requested. If Plaintiffs' counsel believes certain of Defendant's questions to date have been confusing, beyond the scope of ordered or noticed questioning, or otherwise inappropriate, the parties shall meet and confer in an effort to reach agreement as to such questions for future depositions." *See* Civil Docket at ¶ 291.

Notwithstanding the limited and straightforward nature of the deposition of the class representatives, defense counsel has had to endure a barrage of obstructive and inappropriate speaking objections by Plaintiffs' counsel. In fact, Plaintiffs' counsel's obstructive behavior began less than five minutes into the deposition and in response to the only the ninth question asked by Defendants about whether Plaintiff understood that he could review the transcript and correct any errors following the deposition. Although F.R.C.P. 30(e) expressly allows a deponent to review and correct any errors in his/her testimony, Plaintiffs' counsel, via an extensive speaking objection, essentially stated, in sum and substance, that Plaintiff did not understand what defense counsel was asking and that the question was not "relevant." Not only are Plaintiffs' counsel's objections entirely inappropriate but they are also in violation of the Federal Rules. Plaintiffs' counsel's role here, as the Second Circuit has acknowledged, is not to mold a witnesses' testimony or insert him/herself in the deposition unnecessarily, which is precisely what counsel has been attempting to do.[2] Defense counsel repeatedly asked Plaintiffs' counsel at Mr. Ortiz's deposition to refrain from interposing frivolous speaking objections. They have refused to do so and his conduct should not be tolerated.

Accordingly, it is respectfully requested that the deposition of the second class representative, Raymond Lewis, which is currently scheduled for April 25, 2024, also be conducted in Court before Your Honor. Alternatively, it is respectfully requested that the matter be referred to a Magistrate Judge to oversee the deposition of the second class representative in this case. In the event that Your Honor is not inclined to grant the request for judicial oversight at

---

[1] In *Clark*, Defendant was permitted by Magistrate Judge Parker to conduct limited depositions of absent class members.

[2] Defendant reserves the right to seek sanctions, monetary or otherwise, at a later time.

Mr. Lewis' deposition. Defendants request an order directing Plaintiffs' counsel to cease their baseless speaking objections.

Thank you for your consideration of these requests.

Respectfully submitted,

*Mary K. Sherwood*

Mary K. Sherwood
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   All Counsel of Record (via ECF)